**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 04-1263**

————————

JOHNNY MILLIGAN; CAROLYN MILLIGAN,

Plaintiffs - Appellants,

versus

EQUITY RESIDENTIAL PROPERTIES MANAGEMENT
CORPORATION; EQUITY RESIDENTIAL PROPERTIES;
EQR WOODSIDE VISTAS, INCORPORATED,

Defendants - Appellees,

and

EQUITY RESIDENTIAL PROPERTIES TRUST; WOODSIDE
APARTMENTS,

Defendants.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (CA-02-1709)

————————

Submitted: April 15, 2004      Decided: April 22, 2004

————————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

Johnny Milligan, Carolyn Milligan, Appellants Pro Se. James Alwin Murphy, Cameron Scott Matheson, LECLAIR RYAN, PC, Richmond, Virginia; Rebecca Everett Kuehn, LECLAIR RYAN, PC, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Johnny and Carolyn Milligan appeal from the order of the district court denying their motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b)(3). Finding no error, we affirm.

This court reviews the denial of a motion for relief from judgment pursuant to Rule 60(b) for an abuse of discretion. Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). To succeed on a Rule 60(b) motion, a movant first "'must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quoting Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)). After meeting these three threshold considerations,[1] the movant must then satisfy one of the six grounds for relief listed in Rule 60(b). Id. at 266. The Milligans alleged fraud and misconduct as the basis for relief.

Despite the Milligans' repeated claims to the contrary, our review of the record fails to disclose evidence of the fraud or misconduct claimed by the Milligans. Accordingly, we conclude that the district court did not abuse its discretion in denying the Milligans' motion for relief from judgment. We affirm the judgment

---

[1]A showing of "exceptional circumstances" sometimes is noted as a fourth threshold. See National Credit Union, 1 F.3d at 264 (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).

of the district court.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]To the extent the Milligans again seek to appeal the district court's orders dated March 14, 2003, and June 19, 2003, their March 1, 2004, notice of appeal is not timely.  Thus, we have no jurisdiction to review those orders.  See Fed. R. App. P. 4(a).

- 4 -